**UNITED STATES DISTRICT COURT**

**DISTRICT OF NEVADA**

\*\*\*

ASHLEY GILBERT,

        Plaintiff,

vs.

COURTNEY LUNG; *et.al.*,

        Defendants.

Case No. 2:16–cv–1786–JAD–VCF

**ORDER**

MOTION TO STAY (ECF NO. 11)

    Before the court are the Defendants' motion to stay (ECF No. 11), Gilbert's response (ECF No. 13), and the Defendants' reply (ECF No. 15). For the reasons stated below, the Defendants' motion is granted.

**I. Background**

    In July, Gilbert filed this action in state court. She alleges that the Defendants either designed, manufactured, or sold a defective medical device that was implanted in her. (ECF No. 1) The Defendants removed this action to federal court despite the presence of a non-diverse Defendant, Courtney Lung. They allege that Lung's joinder is fraudulent and done solely to defeat removal. (ECF No. 10) Gilbert moved to remand. (ECF No. 12)

    Pursuant to 28 U.S.C. §1407, lawsuits involving the medical device at issue have been consolidated for pretrial proceedings and discovery in the Southern District of Indiana. (ECF No. 11) This action has been conditionally transferred to Indiana as part of the multidistrict litigation. (ECF No. 13-1) The Defendants now move to stay the action until the Judicial Panel on Multidistrict Litigation decides whether the action will be transferred to Indiana.

/// /// ///

## II. Discussion

"When considering a motion to stay, the district court should consider three factors: (1) potential prejudice to the non-moving party; (2) hardship and inequity to the moving party if the action is not stayed; and (3) the judicial resources that would be saved by avoiding duplicative litigation if the cases are in fact consolidated." *Rivers v. Walt Disney Co.*, 980 F.Supp. 1358, 1360 (C.D. Cal. 1997).

"The central inquiry in determining whether the jurisdictional issue is more appropriately resolved by the MDL [multidistrict litigation] court should be whether deferring to that court would advance the interests for which the statutes authorizing multidistrict litigation were intended: Section 1407 was intended to promote the 'just and efficient conduct' of the actions transferred [to the MDL court]." *Greene v. Wyeth*, 344 F.Supp. 2d 674, 678-9 (D.Nev. 2004) (internal quotations omitted).

In *Rundle v. DePuy Orthopedics, Inc.*, the plaintiffs' medical products liability action had been conditionally transferred to an MDL court in the Northern District of Ohio. No. 2:11-cv-634-PMP-GWF, 2011 WL 3022569 at* 3 (D.Nev. Jul. 6, 2011). Before the transfer could be finalized, the Plaintiffs moved to remand. *Id.* The *Rundle* court was faced with precisely the same issue this court is faced with: whether to grant a stay and allow the MDL court to decide the motion, or deny a stay and allow a court in the District of Nevada to decide the motion. *Id.*

At the time, there was only one other active case in this district that involved the same medical product. *Id.* at 4. That case also had a pending motion to remand. *Id.* "Based on all the circumstances, the [*Rundle*] Court [found] that the interest in an expeditious determination of federal subject matter jurisdiction in this case outweighs any potential danger of inconsistent jurisdictional decisions in this district … is fairly remote." *Id.* at 5. This decision rested on the fact that the same judge in the District of Nevada would decide both motions to remand. *Id.* Thus the principle risk multidistrict litigation was designed to control, inconsistent rulings, was minimized, if not eliminated. *Id.* The stay was denied in

order to allow a District of Nevada court, which had more familiarity with Nevada state law's effect on federal subject matter jurisdiction, to decide the motion to remand. *Id.* The magistrate judge then recommended that the action be remanded back to state court. *Id.* at 6.

A search of active cases in this district reveals that this action is the only active lawsuit against Courtney Lung and the Cook Defendants. There is therefore only one pending motion to remand involving these Defendants. The risk of inconsistent rulings, whether it is between courts in this district or with the MDL court, is nonexistent. *See id.* The interests of just and efficient use of judicial resources however weigh in favor of a stay.

Unlike in *Rundle*, this court will not decide the motion to remand at this juncture. The motion to remand will not be fully briefed until September 19, 2016. According to the Defendants, Gilbert's motion to vacate the MDL court's conditional transfer order has been fully briefed. (ECF No. 15 at 4 n. 1) The MDL court has not yet decided Gilbert's motion. (*Id.*) The two pending motions before two different courts presents a number of procedural possibilities.

For example, this court could grant the motion to remand first, thus rendering Gilbert's motion to vacate moot. Alternatively, the MDL court could deny Gilbert's motion to vacate. Then the MDL court would decide Gilbert's motion to remand. *See In re: Bayer Corp. Combination Aspirin Prods. Mktg & Sales Practices Litig.*, 609 F.Supp.2d 1379-80 (J.P.M.L. 2009) (recognizing that the transferee court may still decide a motion to remand post-transfer). A more just and efficient use of judicial resources will result from staying this action pending the MDL court's decision on Gilbert's motion to vacate.

If a stay is entered, the parties will only be required to contend with one variable: the outcome of Gilbert's motion to vacate. If it is granted, a court in this district will decide the motion to remand. If it is denied, the MDL court will make that decision. *See id.* This approach ensures that only one court

will decide the motion to remand, and guarantee that neither court will be forced to anticipate or react to a decision by the other.

This court is sensitive to Gilbert's desire to have a court in the District of Nevada decide her motion to remand.  (ECF No. 13)  Other than general statements about Nevada courts are familiarity with Nevada state law and about the MDL court's presumed unfamiliarity with the same, Gilbert has not explained why it is crucial for a court in this district rather than the MDL court to decide her motion to remand.

Federal courts routinely apply the laws of states in which they do not sit.  *See Sarver v. Chartier*, 813 F.3d 891, 897 (9th Cir. 2016) (district court located in California applied New Jersey choice-of-law rules).  Gilbert has presented no reason to question the MDL court's competency in applying Nevada state law if and when it decides the motion to remand.  The interests of judicial economy as well as the clarity and certainty a stay will instill in these proceedings outweigh Gilbert's interest in having her motion to remand decided by a court in this district.

ACCORDINGLY, and for good cause shown,

IT IS HEREBY ORDERED that the Defendants' motion to stay (ECF No. 11) is GRANTED.

IT IS SO ORDERED.

DATED this 9th day of September, 2016.

_____
CAM FERENBACH
UNITED STATES MAGISTRATE JUDGE