## UNITED STATES JUDICIAL PANEL
## on
## MULTIDISTRICT LITIGATION

IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION                                  MDL No. 2570

### TRANSFER ORDER

**Before the Panel:** Plaintiff moves under Panel Rule 7.1 to vacate our order that conditionally transferred the action listed on Schedule A (*Gilbert*) to the Southern District of Indiana for inclusion in MDL No. 2570. Defendants Cook Denmark International APS, Cook Group Incorporated, Cook Med Institute, Cook Medical, Incorporated, Med Institute, Inc., Medical Engineering and Development Institute, Inc., William Cook Europe APS (together, Cook), and Courtney Lung oppose the motion.

In her motion to vacate, plaintiff principally argues that transfer should not take place because there is a pending motion for remand to state court. We have held that a motion for remand alone generally is an insufficient basis to vacate a conditional transfer order.[1] Plaintiff can present her motion for remand to the transferee judge. *See, e.g.*, *In re: Ivy*, 901 F.2d 7, 9 (2d Cir. 1990); *In re: Prudential Ins. Co. of Am. Sales Practices Litig.*, 170 F. Supp. 2d 1346, 1347-48 (J.P.M.L. 2001).

After considering the argument of counsel, we find that *Gilbert* involves common questions of fact with the actions previously transferred to MDL No. 2570, and that transfer under 28 U.S.C. § 1407 will serve the convenience of the parties and witnesses and promote the just and efficient conduct of the litigation. In our order centralizing this litigation, we held that the Southern District of Indiana was an appropriate Section 1407 forum for actions sharing factual questions arising out of allegations that defects in the design of Cook's inferior vena cava filters (IVC filters) makes them more likely to fracture, migrate, tilt, or perforate the vena cava, causing injury. *See In re: Cook Med., Inc., IVC Filters Marketing, Sales Practices & Prods. Liab. Litig.*, 53 F. Supp. 3d 1379 (J.P.M.L. 2014). Plaintiff does not dispute that *Gilbert* involves similar allegations that plaintiff suffered injury when the IVC filter implanted in her body tilted and perforated her vena cava wall.

---

[1] Panel Rule 2.1(d) expressly provides that the pendency of a conditional transfer order does not limit the pretrial jurisdiction of the court in which the subject action is pending. Between the date a remand motion is filed and the date that transfer of the action to the MDL is finalized, a court generally has adequate time to rule on a remand motion if it decides to do so.

-2-

IT IS THEREFORE ORDERED that the action listed on Schedule A is transferred to the Southern District of Indiana and, with the consent of that court, assigned to the Honorable Richard L. Young for inclusion in the coordinated or consolidated pretrial proceedings.

PANEL ON MULTIDISTRICT LITIGATION

_____
Sarah S. Vance
Chair

| | |
|---|---|
| Marjorie O. Rendell | Charles R. Breyer |
| Lewis A. Kaplan | Ellen Segal Huvelle |
| R. David Proctor | Catherine D. Perry |

**IN RE: COOK MEDICAL, INC., IVC FILTERS
MARKETING, SALES PRACTICES AND
PRODUCTS LIABILITY LITIGATION** — MDL No. 2570

## SCHEDULE A

<u>District of Nevada</u>

GILBERT v. LUNG, ET AL., C.A. No. 2:16-01786